IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES J. MATHIEU, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 19-CV-0539-JED-JFJ |
| | ) |
| MIKE HUNTER, Attorney General for the | ) |
| State of Oklahoma,[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner James Mathieu, appearing *pro se*, filed an amended 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 5) on November 14, 2019, asserting four claims for federal habeas relief.[2] Respondent filed a motion (Doc. 7) to dismiss the petition, alleging that petitioner failed to exhaust available state remedies as to all four claims, as required by 28 U.S.C. § 2254(b). Following review of the petition, the motion, and petitioner's response (Doc. 9), the Court finds that respondent's motion shall be granted and that the petition shall be dismissed without prejudice.

---

[1] According to respondent, petitioner is not currently in custody but he may be required to serve a term of confinement in the future. Doc. 7, at 1 n.1. As respondent contends, the Attorney General is the proper respondent under these circumstances. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Court therefore substitutes Mike Hunter, Attorney General for the State of Oklahoma, in place of Rogers County Court as party respondent. The Clerk of Court shall note this substitution on the record.

[2] Petitioner submitted his original petition (Doc. 1) to the United States Court of Appeals for the Tenth Circuit when he appealed from this court's order, in Case No. 19-CV-0262-CVE-JFJ, dismissing the civil action he filed against the arresting officer, the Rogers County Court Clerk, and the attorney who represented him in Case No. CM-2018-1263. Doc. 2. The Court of Appeals for the Tenth Circuit transferred the original petition to this court, and the Clerk of Court filed it in this matter. *Id.*; *see also* Doc. 16, *Mathieu v. Brown*, N.D. Okla. Case No. 19-CV-0262-CVE-JFJ, at 3-5.

I.  **Background**

On December 7, 2018, petitioner was charged with three misdemeanor counts in the District Court of Rogers County, Case No. CM-2018-1263. Doc. 7, at 1; Doc. 7-6, at 2-4.[3] Represented by counsel, petitioner entered an *Alford* plea[4] on December 10, 2018. Doc. 7-1, at 1. The trial court accepted the plea and imposed a one-year suspended sentence as to each count, with all sentences to be served concurrently. *Id.* The trial court advised petitioner of his appeal rights. *Id.* On December 12, 2018, petitioner, proceeding *pro se*, filed a letter seeking permission to withdraw his plea, alleging that his plea was a "calculated mistake." Doc. 7-2, at 1. The trial court set a hearing on the motion for January 19, 2019. Doc. 7-3, at 1. Petitioner alleges he did not receive timely notice of this hearing, and it appears from the record that no hearing was held. Doc. 5, at Doc. 7, at 2 n.3; Doc. 7-6, at 10-11.

On January 25, 2019, the State moved to revoke petitioner's suspended sentences, alleging that he violated the terms and conditions of his probation by failing to report to the District Attorney supervision office to sign up for probation. Doc. 7, at 2; Doc. 7-4, at 1. The state district court issued a warrant for petitioner's arrest and ordered a hearing on the State's revocation motion. Doc. 7-5, at 1. The revocation motion remains pending. Doc. 7, at 2; Doc. 7-6, at 11.

Petitioner filed his amended habeas petition (Doc. 5) on November 19, 2019. In the amended petition, he claims (1) he was unreasonably seized, in violation of the Fourth Amendment, (2) he was deprived of the effective assistance of counsel, in violation of the Sixth Amendment, (3) he was denied due process, in violation of the Fifth Amendment, with respect to the lack of a hearing on his motion to withdraw his plea, and (4) he was denied due process, in

---

[3] For consistency, the Court's record citations refer to the CM/ECF page numbers.

[4] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

2

violation of the Fifth Amendment, with respect to his entire state criminal prosecution thereby rendering his plea invalid. Doc. 5, at 5-10, 16-18.

**II.   Analysis**

Respondent urges this Court to dismiss the amended petition because petitioner failed to exhaust available state remedies as to any of the claims asserted therein. Doc. 7, at 3-6. As respondent contends, a federal habeas court may not grant relief to a habeas petitioner challenging a state-court judgment unless the petitioner has "exhausted the remedies available in the courts of the State" or the petitioner has shown either that "there is an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1). The State may waive the exhaustion requirement, but it must do so expressly. *Id.* § 2254(b)(3). And respondent makes clear in this case that the State declines to waive exhaustion. Doc. 7, at 4.

Section 2254(b)'s exhaustion requirement "is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)). In other words, a habeas petitioner who claims the State violated his constitutional rights in obtaining a criminal judgment "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). And it is the habeas petitioner's burden to prove either that "he exhausted state court remedies . . . or that exhaustion would have been futile." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011). "A district court faced with a habeas petition containing unexhausted claims may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny

3

the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002); *see also* 28 U.S.C. § 2254(b)(2) (permitting habeas court to deny petition "on the merits, notwithstanding the failure of the [petitioner] to exhaust the remedies available in the courts of the State").

Here, respondent requests dismissal of the entire petition, and the Court finds that request should be granted. Petitioner indicates in his amended petition that he did not perfect an appeal following his conviction, that he did not seek postconviction relief in state court, and that he did not exhaust available state remedies as to any of his four claims. Doc. 5, at 2-11. He appears to argue that this Court should excuse his failure to exhaust available state remedies because he lives out of state and he is indigent. *Id.* at 5-10; Doc. 9, at 1-2. These circumstances may make it inconvenient or difficult to exhaust available state remedies,[5] but these circumstances do not support petitioner's apparent suggestion that it would be futile to present his claims in state court. As a result, petitioner has not met his burden to show that he either exhausted available state remedies or that it would be futile for him to do so.

**III.    Conclusion**

Because the amended petition for writ of habeas corpus contains only unexhausted claims, the Court grants respondent's motion and dismisses the amended petition without prejudice. Further, because the Court concludes that reasonable jurists would not debate that dismissal of the entire petition is an appropriate disposition given petitioner's failure to exhaust any of his claims, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) (noting

---

[5] Any asserted inconvenience or difficulty appears negligible given that petitioner has prosecuted this federal habeas action despite living out of state and being indigent. *See* Doc. 5, at 19; Doc. 8, at 3; Doc. 9, at 5 (evidencing petitioner filed pleadings from Massachusetts); Doc. 6 (granting petitioner leave to proceed *in forma pauperis*).

4

that petitioner may not appeal from a final order in a habeas proceeding under 28 U.S.C. § 2254 unless a circuit justice or judge issues a certificate of appealability); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (describing showings habeas petitioner must make to obtain certificate of appealability).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Mike Hunter, Attorney General for the State of Oklahoma, in place of Rogers County Court as party respondent.
2. Respondent's motion to dismiss (Doc. 7) is **granted**.
3. The amended petition for writ of habeas corpus (Doc. 5) is **dismissed without prejudice** for failure to exhaust available state remedies.
4. A certificate of appealability is **denied**.
5. A separate judgment shall be entered in this matter.

ORDERED this 16th day of July 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

5